IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

OSCAR RICARDO HERRERA MADUENO,  )
                                )
            Petitioner,          )
                                )
      v.                         )    1:08CV472
                                )    1:05CR387-2
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Petitioner Oscar Ricardo Herrera Madueno, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 48.)[1] Petitioner was indicted on a single count alleging conspiracy to distribute more than 500 grams of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. (Docket No. 12.) He later pled guilty to that charge before being sentenced to 80 months of imprisonment. (Docket Nos. 28, 29, 38.) Petitioner did not file a direct appeal, but instead filed the instant motion under § 2255. Respondent has filed a motion to dismiss (docket no. 50), Petitioner has filed a response (docket no. 54), and the matter is now before the Court for a decision on Respondent's motion.

---

[1]This and all further cites to the record are to the criminal case.

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. Id.; Fed. R. App. P. 4(b). Here, Petitioner did not file a direct appeal. Therefore, his conviction became final ten days after the judgment in his case was entered on June 23, 2006. Petitioner's motion is dated July 1, 2008, approximately two years after his conviction became final. It was received by the Court on July 10, 2008. The motion is well out of

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at the time his conviction became final. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner does not actually argue that his motion was timely filed under § 2255(f). However, he asks the Court to consider the motion on its merits anyway because his is acting pro se, another prisoner who was helping him with his motion was transferred, and most people in the prison where he is housed do not speak English well. These are essentially arguments for equitable tolling.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to

raise them in federal court shows lack of due diligence. Pace, 544 U.S. 408.

As shown by the cases just cited, the circumstances on which Petitioner relies do not entitle him to equitable tolling. It should also be noted that, despite any difficulties he may have, Petitioner has been more than able to pursue his motion with lengthy and timely filings. He does not explain why he could not have done this much sooner than two years after his conviction.

Petitioner also makes a procedural default argument discussing cause and prejudice. This argument is based on confusion. Procedural default is a separate concept from AEDPA's timing provisions. The time-bar is not a procedural default which can be excused through a cause and prejudice analysis. Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss be **GRANTED** (docket no. 50), that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 48) be **DISMISSED** and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

December 30, 2008